| | |
|---|---|
| **MARCUS ANTOINE WILSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) **ORDER** |
| **FNU LNU,** | ) |
| **SUSAN WHITE,** | ) |
| **FNU SLAGGAR,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se

Complaint, filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e); 1915A.

## I.      BACKGROUND

Pro se Plaintiff is a North Carolina inmate incarcerated at Mountain View Correctional

Institution in Spruce Pine, North Carolina.  On December 2, 2013, Plaintiff filed the instant

Complaint in this Court pursuant to 42 U.S.C. § 1983.[1]  Plaintiff has named as Defendants in the

Complaint an unidentified defendant, referred to by Plaintiff as "FNU LNU"; Susan White,

identified as Superintendent of Mountain View; and "FNU Slaggar," identified as Assistant

Superintendent at Mountain View.  Plaintiff alleges the following in the Complaint:

> On 11-8-2013 I was at [Mountain View Correctional Institution] [Sergeant] King
> escorted me to go see Dr. Cothren for a medical appointment.  At the doctor's
> visit we both had a conversation, why was I back at [Mountain View Correctional
> Institution] and I was thinking the same.  Dr. Cothren said I've tired of trying and
> I ask can he order me to be housed at a medium custody medical with an
> infirmary and he said me and Ms. Wiley had both put in a medical transfer and

---

[1] Plaintiff filed this action in the Eastern District of North Carolina, and that Court transferred
the action to this Court by Order dated February 18, 2014.

gave reasons why you should be housed medically and its upfront and I ask Ms. White/Mr. Slaggar and his response was yes and I'll try again. Two days later or so—Ms. Clark and Mr. Peterson—nurses said that they both saw Dr. Cothren filed a medical transfer to be housed and get proper medical treatment that has an infirmary!

(Doc. No. 3 at 3-4). As relief, Plaintiff states that he is requesting that Defendants White and Slaggar be "sued and fired" and that this Court enter a temporary restraining order. (Id. at 4).

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534

U.S. at 524).

## III.     DISCUSSION

On April 24, 2014, this Court entered an order requiring Plaintiff to submit an administrative remedies statement within twenty days.  (Doc. No. 8).  The Court's Order states that "[f]ailure to comply with this Order will result in dismissal of this action."  (Id. at 2). Plaintiff has not submitted a statement in accordance with this Court's Order.  Thus, the Court will dismiss this action without prejudice.

## IV.     CONCLUSION

Plaintiff's Complaint will be dismissed without prejudice based on his failure to comply with this Court's Order for him to submit an administrative remedies statement.

**IT IS THEREFORE ORDERED** that:

(1)  Plaintiff's action is **DISMISSED** without prejudice.

(2) The Clerk of Court is directed to terminate this action.


Signed: May 19, 2014

Frank D. Whitney
Chief United States District Judge